UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SID MHAMED MAHAM,

                  Petitioner,

    v.

RESPONDENT WARDEN, *et al.*,

                  Respondents.

Case No. C26-1312-SKV

ORDER DISMISSING PETITION FOR
WRIT OF HABEAS CORPUS

Petitioner Sid Mhamed Maham is currently detained by U.S. Immigration and Customs Enforcement ("ICE") at the Northwest ICE Processing Center in Tacoma, Washington ("NWIPC"). Petitioner, through counsel, filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 in which he asserts that his ongoing detention is unlawful, and he seeks immediate release from ICE custody or, in the alternative, an individualized bond hearing at which the government bears the burden of justifying his continued detention. *See* Dkt. 1. Respondents have filed a return (Dkt. 10), together with the supporting declarations of ICE Deportation Officer Sooseon Jeon (Dkt. 11) and Respondents' counsel Alixandria K. Morris (Dkt. 12). Petitioner has filed a reply to Respondents' return. Dkt. 13.

ORDER DISMISSING PETITION FOR
WRIT OF HABEAS CORPUS - 1

The Court, having reviewed the parties' submissions and the governing law, finds that a procedural defect in the petition going to a material issue of fact renders relief unavailable at this time. The Court therefore DISMISSES Petitioner's petition without prejudice.

## I.      BACKGROUND

Petitioner is a native and citizen of Mauritania. *See* Jeon Decl., ¶ 4; Morris Decl., Exs. 1, 2. He entered the United States on or about November 3, 2023, near San Ysidro, California, without inspection or admission by an immigration officer. Jeon Decl., ¶ 5; Morris Decl., Ex. 1. Petitioner was apprehended and detained by United States Customs and Border Patrol ("CBP") on the same date. Jeon Decl., ¶ 6. On November 5, 2023, Petitioner was served with a Notice to Appear ("NTA") charging him with being removable under Section 212(a)(6)(A)(i) of the Immigration and Nationality Act, 8 U.S.C. § 1182(a)(6)(A)(i). *Id.*, ¶ 7; Morris Decl., Ex. 1 at 1-3. On the same date, CBP issued an Order releasing Petitioner on his own recognizance ("OREC"). Jeon Decl., ¶ 8; Morris Decl., Ex. 3.

On March 25, 2026, Petitioner entered the United States near Blaine, Washington, without inspection or admission by an immigration officer. Jeon Decl., ¶ 11; *see also* Morris Decl., Ex. 1 at 4-5. Officer Jeon avers that Petitioner entered the United States by walking across the border between ports of entry, was detained by CBP, and was thereafter transferred to NWIPC. Jeon Decl., ¶ 11. Officer Jeon further avers that Petitioner's OREC was automatically terminated when he departed the United States, though Officer Jeon also acknowledges there is no record of Petitioner's departure from the United States. *Id.*, ¶¶ 10, 12. Petitioner is scheduled to appear before an immigration judge on May 26, 2026, for a hearing on the merits of his application for asylum and withholding of removal. *Id.*, ¶ 13.

ORDER DISMISSING PETITION FOR
WRIT OF HABEAS CORPUS - 2

## II.   DISCUSSION

Federal courts have authority to grant writs of habeas corpus to individuals detained in "violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(c)(3). Petitioner identifies two causes of action in his federal habeas petition. *See* Dkt. 1. First, Petitioner alleges that his continued detention is unlawful because Respondents purport to detain him under 8 U.S.C. § 1225(b), which mandates detention, when his detention is actually governed by 8 U.S.C. § 1226(a), which permits an individualized custody determination. *See* Dkt. 1 at 10-13. Second, Petitioner alleges that by detaining him for a prolonged period without affording him any meaningful opportunity to be heard, Respondents have violated his rights under the Due Process Clause of the Fifth Amendment. *Id.* at 13-15. Respondents argue that Petitioner is lawfully detained pursuant to 8 U.S.C. § 1225(b), and that his detention, which now stands at approximately six weeks, is not prolonged and therefore is not constitutionally concerning. *See* Dkt. 10.

This case turns on the question of whether Petitioner's current detention is governed by § 1226(a) or § 1225(b). The answer to that question depends on whether or not Petitioner was re-entering the United States at the time he was apprehended and arrested by CBP in March 2026. Petitioner asserts in his petition that he was "entering the United States" when he was taken into custody on March 25, 2026. *See* Dkt. 1 at 2, 7. This assertion is consistent with Respondents' documentation showing that Petitioner entered the country near Blaine, Washington, on March 25, 2026, without being inspected by an immigration officer (*see* Morris Decl., Ex. 1 at 4-5), and the averment in Officer Jeon's declaration that Petitioner entered the United States on that date by walking across the border between ports of entry (Jeon Decl., ¶

ORDER DISMISSING PETITION FOR
WRIT OF HABEAS CORPUS - 3

11).[1]  In his reply brief, Petitioner argues that there is no evidence he ever departed the United States or entered Canada, despite acknowledging in his petition that he was "entering" the United States at the time of his arrest.  *See* Dkt. 13 at 2.

The apparent disparity between what Petitioner asserts in his petition and what he argues in his reply is particularly problematic here because Petitioner did not sign his petition nor did his counsel provide proper verification of the petition and the facts asserted therein at the time of filing as required by the Court's Local Civil Rules.[2]  W.D. Wash. LCR 100(e).  The Court observes as well that Petitioner provided no declaration in this action attesting to the relevant facts.  Given questions regarding the accuracy of the facts asserted in the Petition, facts which are material to resolution of the claims asserted therein, and the absence of the requisite verification, the Court finds dismissal of the petition necessary and appropriate.

### III.   CONCLUSION

For the foregoing reasons, the Court DISMISSES Petitioner's petition for writ of habeas corpus, and this action, without prejudice to Petitioner instituting a new action with a properly verified petition.

DATED this 13th day of May, 2026.

S. KATE VAUGHAN
United States Magistrate Judge

---

[1] Petitioner also asserts in his petition that "ICE officers unilaterally arrested him at his check-in and jailed him." Dkt. 1 at 14.  There is no evidence in the record to support this assertion and the Court presumes the assertion is attributable to a lack of careful drafting.

[2] It is somewhat puzzling that Petitioner's counsel failed to submit with the petition the verification required by LCR 100(e), when he did submit with the petition a Corporate Disclosure Statement under LCR 7.1, a document clearly not relevant to a federal habeas action.

ORDER DISMISSING PETITION FOR
WRIT OF HABEAS CORPUS - 4